UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, § § § Plaintiff, § § v. § § ZTE (USA) INC., § § Defendant. § | Civil Action No. 2:13-cv-00946-JRG-RSP |

**DEFENDANT ZTE (USA) INC.'S MOTION TO DISMISS PLAINTIFF
MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC'S CLAIMS
<u>FOR WILLFUL INFRINGEMENT</u>**

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), ZTE (USA) Inc. ("ZTE") respectfully moves the Court to dismiss claims for willful patent infringement filed by Mobile Telecommunications Technologies, LLC ("MTel") in its original complaint. [Dkt. No. 1]. MTel's willful infringement claims should be dismissed for failing to comply with Fed. R. Civ. P. 8(a) because MTel fails to allege ZTE had any pre-litigation knowledge of the U.S. Patent Nos. 5,809,428 (the "'428 patent") and 5,754,946 (the "'946 patent) (collectively, the "patents-in-suit" or the "asserted patents") and failed to move for preliminary injunction.

Moreover, MTel's willful infringement claims should be dismissed for failing to satisfy Fed. R. Civ. P. 8(a) because MTel's allegations are devoid of any factual content to suggest ZTE's post-filing conduct has been objectively reckless. MTel's legal conclusions that "any" of ZTE's "further infringing activity" are not enough to satisfy the pleading standards under *Twombly* and *Iqbal*.

## II. LEGAL STANDARDS FOR WILLFUL INFRINGEMENT

This Court must dismiss claims or allegations in MTel's complaint for failing to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[D]istrict court[s] must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (citation omitted). The Supreme Court has held that compliance with Fed. R. Civ. P. 8(a) requires the complaint to include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, legally conclusory statements, not supported by actual factual allegations, are not entitled to the assumption of truth. *Id.* Thus, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

Willful infringement is found if the infringer (i) "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (ii) the "objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

A claim for post-filing willful infringement asserted in the original complaint must "necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.* at 1374. Merely purporting that Defendant has knowledge of the patents-in-suit from service of the initial complaint does not warrant imposition of enhanced damages for willful conduct based ***solely***

upon post-filing conduct. *LML Holdings, Inc. v. Pacific Coast Distributing Inc.*, No. 11-CV-06173 YGR, 2012 WL 1965878, at *6 (N.D. Cal. May 30, 2012) (emphasis added).

If the allegation is not grounded in the accused infringer's pre-filing conduct, the "allegation of willful infringement … [may additionally] be maintained only if the patentee seeks a preliminary injunction." *McRO, Inc. v. Namco Bandai Games America, Inc.*, 2013 U.S. Dist. LEXIS 100764, at *8 (C.D. Cal. July 11, 2013) (citing *Seagate* and dismissing willfulness claims for lacking allegations of pre-suit knowledge); *see also Webmap*, 2010 WL 368097, at *3. In *Seagate*, the Federal Circuit has made clear that "where notice of the patent comes via the lawsuit, a plaintiff who wants to pursue a charge of [post-filing] willfulness needs to file a motion for a preliminary injunction, not an amended complaint." *McRO, Inc. v. Namco Bandai Games America, Inc.*, 2013 U.S. Dist. LEXIS 100764, at *8 (C.D. Cal. July 11, 2013). Generally, moving for a preliminary injunction "provides an adequate remedy for combating post-filing willful infringement." *Seagate*, 497 F.3d at 1374.

### III. MTEL'S WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BASED SOLELY ON ALLEGED POST-FILING CONDUCT AND MTEL FAILED TO MOVE FOR A PRELIMINARY INJUNCTION

MTel's claims for willful infringement should be dismissed under *Seagate* because (i) they are not based on ZTE's pre-litigation knowledge of the patents-in-suit, and (ii) MTel has not moved for a preliminary injunction. *See Seagate* at 1374.

MTel merely alleges in its original complaint that ZTE's knowledge of the asserted patents from the time of service and onward warrants the imposition of enhanced damages for willful conduct. This is incorrect. Notice of the asserted patents at the time of filing of the original complaint is not enough to warrant enhanced damages for willful post-filing conduct. *See LML Holdings,* 2012 WL 1965878, at *6. Once MTel filed its original complaint alleging

post-filing willful infringement, MTel's allegations must be grounded exclusively in ZTE's pre-filing conduct. *See Seagate*, 497 F.3d at 1374. MTel makes no allegation that ZTE knew of the patents-in-suit ***before*** the filing of the original complaint. *See, e.g.*, MTel's Original Complaint, Dkt. No. 1, at ¶ 18, 27 ("Any ***further*** infringing activity demonstrates a deliberate and conscious decision to infringe the ['428 or '946] Patent or, at the very least, a reckless disregard of MTel's patent rights. ZTE ***continuing*** to make, use, offer to sell, sell, or import infringing products constitutes willful infringement…."). Without any evidence of any actual pre-filing knowledge of the asserted patents, a claim for post-filing willful infringement will be denied unless the plaintiff took action to stop any continued infringement. *See Webmap*, 2010 WL 368097, at *3 (holding plaintiff was not entitled to accrue enhanced damages for willful infringement because Plaintiff failed to rely upon any allegation of pre-filing willful infringement and did not take action to stop defendant's alleged continued willful infringement).

MTel failed to move for a preliminary injunction and is precluded from accruing enhanced damages based solely on ZTE's alleged post-filing conduct. *See Seagate*, 497 F.3d at 1374. The Federal Circuit has found that the standard for determining whether a patentee is entitled to a preliminary injunction is similar to the standard for determining whether post-filing infringement is willful. *Seagate*, 497 F.3d at 1374 ("A substantial question about invalidity or infringement is likely sufficient not only to avoid a preliminary injunction, but also a charge of willfulness based on post-filing conduct."). But because only the plaintiff can invoke this test at the time the alleged infringement is taking place, a plaintiff's failure to seek a preliminary injunction forces a defendant to choose between resting on theories of invalidity and non-infringement it believes to be objectively reasonable and engaging in costly and potentially unnecessary redesign of its accused products. *See Webmap*, 2010 WL 3768097, at *4. If MTel's

willfulness claims are permitted, it will be prejudicial to ZTE, as ZTE will be forced to either wait and see if its invalidity and non-infringement theories will stand but face the risk of treble damages, or engage in costly and potentially unnecessary redesign of its accused products. Accordingly, without any allegations of pre-filing willful conduct and any effort to move for a preliminary injunction, MTel is not entitled to accrue enhanced damages for willful infringement.

## IV.  EVEN IF A POST-FILING WILLFULNESS CLAIM IS ALLOWED, MTEL'S WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED BECAUSE THEY FAIL TO ADEQUATELY PLEAD OBJECTIVE RECKLESSNESS BY ZTE

MTel's willful infringement claims fail to meet the *Twombly* and *Iqbal* pleading standard because they neither allege any factual content nor that ZTE's defenses on the merits are unreasonable or advanced in bad faith, and thus fail to sufficiently allege that ZTE's actions have been objectively reckless. To establish willful infringement, MTel must demonstrate that ZTE (i) "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (ii) the "objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. This objective prong "tends not to be met where an accused infringer relies on a reasonable defense to a charge of infringement. Thus, the question … is whether a defense or non-infringement theory was reasonable." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005-06 (Fed. Cir. 2012).

MTel's claim of willful infringement claim lacks facial plausibility because MTel's pleading is devoid of ***any factual content*** that allows the Court to reasonably draw inferences that the defendant is liable for reckless conduct. *See Iqbal*, 556 U.S. at 678. MTel has only pled legal conclusions:

**DEFENDANT ZTE (USA) INC.'S MOTION TO DISMISS PLAINTIFF MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC'S CLAIMS FOR WILLFUL INFRINGEMENT** 5

| **MTel's Original Complaint Paragraphs 18 and 27** ||
| 18. *<u>Any further</u>* infringing activity demonstrates a deliberate and conscious decision to infringe the '428 Patent or, at the very least, a reckless disregard of MTel's patent rights. ZTE *<u>continuing</u>* to make, use, offer to sell, sell, or import infringing products constitutes willful infringement for which MTel is entitled to up to treble damages as well as attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§284, 285. | 27. *<u>Any further</u>* infringing activity demonstrates a deliberate and conscious decision to infringe the '946 Patent or, at the very least, a reckless disregard of MTel's patent rights. ZTE *<u>continuing</u>* to make, use, offer to sell, sell, or import infringing products constitutes willful infringement for which MTel is entitled to up to treble damages as well as attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§284, 285. |

MTel offers neither pre-filing nor post-filing factual evidence that ZTE "acted" with reckless conduct. Instead, MTel alleges "*any*" of ZTE's "*further* infringing activit[ies]" would entitle MTel to treble damages. These are not factual allegations that ZTE acted recklessly despite an objectively high likelihood that its actions constituted infringement. Nor are they factual allegations that the objectively-defined risk was either known or should have been known to ZTE. MTel does not even offer any allegations that a defense of infringement or invalidity, for example, in response to MTel's allegations would be unreasonable. Because MTel only alleges what ZTE *may* do rather than what it *has* done, MTel has failed to meet the pleading standards of *Twombly* and *Iqbal* and their willfulness claims should be dismissed.

## V. CONCLUSION

MTel's willful infringement claims should be dismissed because they fail to allege pre-suit knowledge of the asserted patents and MTel fails to move for a preliminary injunction. MTel additionally pleads with only legal conclusions and fails to allege that ZTE's defenses are unreasonable, and thus fails to allege sufficient facts to demonstrate that ZTE has acted with reckless conduct since this suit was filed. MTel's willful infringement claims should therefore be dismissed. Accordingly, ZTE respectfully requests that the Court grant its motion and dismiss

MTel's claims of willful infringement and related demands for enhanced damages as to each of the asserted patents.

Dated January 24, 2014.  Respectfully submitted:

*/s/ Alfonso Garcia Chan*
Alfonso Garcia Chan (Texas Bar No. 24012408)
Wei Wei (Texas Bar No. 24057722)
Jennifer M. Rynell (Texas Bar No. 24033025)
**SHORE CHAN DEPUMPO LLP**
Bank of America Plaza
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9110 Telephone
214-593-9111 Facsimile
achan@shorechan.com
wwei@shorechan.com
jrynell@shorechan.com

**ATTORNEYS FOR DEFENDANT ZTE (USA) INC.**

## CERTIFICATE OF SERVICE

I hereby certify that this document is being filed through the ECF system and paper copies will be included in the service package to be served upon those indicated as non-registered participants.

/s/*Alfonso Garcia Chan*