UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:13-cv-946-JRG-RSP |
| v. | § § | JURY TRIAL REQUESTED |
| ZTE (USA) INC., | § § | |
| Defendant. | § § | |

## MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC'S
## RESPONSE TO ZTE (USA) INC.'S MOTION TO DISMISS (DKT. NO. 16)

Defendant ZTE (USA) Inc.'s Motion to Dismiss ("Motion") (Dkt. No. 16) Plaintiff

Mobile Telecommunications Technologies (MTel)'s claims for willful infringement relies on

foreign law on inapplicable issues.  Because MTel adequately pleads willful infringement under

the governing standards.  ZTE's Motion should be denied.

## I.    MTEL'S CLAIM SATISFIES THIS DISTRICT'S STANDARDS.

In the Fifth Circuit, motions to dismiss are disfavored and rarely granted.  *Loramand v.*

*US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).  Rule 8(a)(2) requires only a "short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2)

(2012).  Detailed factual allegations are not required.  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 545 (2007).  Instead, a pleading must provide the defendant "fair notice of what the

[plaintiff's] claim is and the grounds upon which it rests."  *Id.* at 555.

Further, "[w]hen there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement of relief."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  This endeavor is context-specific and draws on

the "judicial experience and common sense" of the reviewing court.  *Id.*

This District has "observed that, much like direct infringement and its pleading requirements in accordance with Form 18 and Federal Circuit law, the bar for pleading willful infringement is not high." *Lodsys, LLC v. Brother Int'l Corp.*, 2:11-cv-90-JRG, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012) (citing *Fotomedia Techs., LLC v. AOL, LLC*, 2:07–cv–255, 2008 WL 4135906, at *2 (E.D.Tex., Aug.29, 2008)).   All that is required is "some limited factual basis regarding knowledge." *Id.*  Furthermore, the pleading standard requires a court to "draw all reasonable inferences in favor of the plaintiffs." *In re Bill of Lading*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

## II.    ZTE'S FOREIGN LAW IS INAPPLICABLE HERE.

ZTE's motion should be rejected for two reasons.  First, ZTE relies on foreign laws that this District has explicitly rejected.  Second, MTel's filings satisfy the law in the Eastern District.

### A.    ZTE Relies on Inapplicable Requirements from Foreign Districts.

In the Eastern District, when deciding a "motion under Rule 12(b)(6), the court must decide whether the facts alleged, if true, would entitle Plaintiff to some legal remedy." *Affinity Labs of Texas, LLC v. Alpine Electronics of Am., Inc.*, 9:08-CV-171, 2009 WL 9091275, *1 (E.D. Tex. Sept. 2, 2009).  "A pleading 'need not specify in exact detail every possible theory of recovery—it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Id.* at *2 (internal citations omitted).  "Once a claim has been adequately stated, 'it may be supported by showing any set of facts consistent with the allegations in the complaint.'" *Id.* (citing *Twombly*, 550 U.S. at 544).

Nonetheless, ZTE relies on <u>evidentiary requirements</u> from the Federal Circuit decision *In re Seagate*[1] rather than the <u>pleading requirements</u> of the Eastern District.  This Court has

---

[1]    *In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007)

previously explicitly rejected defendants' similar efforts.  *See MobileMedia Ideas LLC v. HTC Corp.*, 2:10-CV-112-TJW, 2011 WL 4347037 at *2 (E.D. Tex. Sept. 15, 2011) ("[T]o the extent [Defendant] is arguing that *In re Seagate* sets forth the pleading requirements for willful infringement, the Court agrees with the Northern District of California court that stated that *In re Seagate* only addresses the 'evidence' necessary 'to establish' willful infringement, not the prerequisites for pleading willful infringement, let alone that anything more than a good faith allegation of willfulness is required.").

ZTE also relies on foreign district court pleading requirements.  Specifically, ZTE relies on the Californian requirement that a plaintiff must seek an injunction as a prerequisite to a claim for willful infringement.  *See LML Holdings, Inc. v. Pacific Coast Distributing, Inc.*, No. 11-cv-06-173, 2012 WL 1965878 (N.D. Cal. May 30, 2012); and *McRO, Inc. v. Namco Bandai Games Am.*, 2013 U.S. Dist. LEXIS 100764 (C.D. Cal. July 11, 2013).

While ZTE cites one Eastern District decision, *Webmap Tech. LLC v. Google, Inc.*, 2:09-CV-343-DF-CE, 2010 WL 3768097, *4 (E.D. TEX., Sept. 10, 2010), that decision relied on importantly different facts.  The parties in *Webmap* were direct competitors whereas the parties here are not.  ZTE also omits that one of the few cases that have cited *LML Holdings* also held that "[p]atentees who neither practice the invention nor directly compete with the accused infringer are 'excused from *Seagate's* rule that a patentee must seek an injunction to sustain a claim for post-filing willful infringement.'"  *HTC Corp. v. Tech. Properties Ltd.*, 5:08-CV-00882-PSG, 2013 WL 5225043 (N.D. Cal. Sept. 17, 2013) (internal citations omitted).

The Eastern District rejects the notion that a plaintiff claiming willful infringement must also seek a preliminary injunction.  *Affinity Labs of Texas,* 2009 WL 9091275 at *4 ("It would make little sense to implement a *per se* rule where a patentee who relies solely on post-filing

conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief.  Injunctive relief is not always appropriate under the facts of a case.").

ZTE's Motion ignores Eastern District case law and the established requirements to maintain a claim of willful infringement.  In place of Eastern District law, ZTE seeks to rely on the *evidentiary* standard established in the Eastern District and a California requirement while omitting the exception to the requirement.  The Eastern District has explicitly rejected both of ZTE's efforts, and should do so again.

### B.       MTel Adequately Alleges Objective Recklessness.

ZTE argues that the patentee must plead that the accused infringer would be acting objectively unreasonably if it pleaded a defense or theory of non-infringement.  (Dkt. No. 16 at 5).  ZTE's theory is unsupported and should be rejected.

ZTE relies on *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005-06 (Fed. Cir. 2012).  ZTE's reliance is misplaced.  *Bard* deals with a trial court's ultimate underlined finding of willful infringement—not the plaintiff's underlined pleading standard.  *See Id.* at 1005 (discussing procedural history of case).  In addition, the question before the court in *Bard* was whether determining if the defendant's actions were reasonable is a question for the jury or the court.  *Id*. at 1006.  *Bard* did not deal with the issue at bar.

Indeed, ZTE cites no case law support for its novel proposition that MTel's allegations do not adequately plead objective recklessness.  Rather, ZTE merely argues that MTel did not plead pre-filing objective recklessness.  (Dkt. No. 16 at 6) ("Because MTel only alleges what ZTE may do rather than what it has done, MTel has failed to meet the pleading standards…").  MTel's pleading, however, adequately states that ZTE has knowledge of the asserted patents since at least the filing of the Complaint and that "any further infringing activity demonstrates a

deliberate and conscious decision to infringe the [asserted patent] or, at the very least, a reckless disregard of MTel's Patent rights."  (Complaint, Dkt. No. 1, ¶¶ 18, 27).[2]

MTel's Complaint pleads that ZTE has knowledge of the asserted patents.  MTel's Complaint also identifies ZTE's activities of continuing to manufacture and offer for sale the accused products, despite having notice of the asserted patents, as reckless.  The requirements ZTE seeks to impose on this Court and MTel are not grounded in Eastern District law.  ZTE's proposed requirements, and its Motion to Dismiss, should be rejected.

## III.    CONCLUSION

For at least the reasons stated above, MTel respectfully requests this Court deny ZTE (USA) Inc.'s Motion to Dismiss Plaintiff Mobile Telecommunication Technologies, LLC's Claims for Willful Infringement (Dkt. No. 16).


Dated:  February 10, 2014

Respectfully Submitted,

/s/ Craig S. Jepson
Daniel R. Scardino
Texas State Bar No. 24033165
Craig S. Jepson
Texas State Bar No. 24061364
**REED & SCARDINO LLP**
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
cjepson@reedscardino.com

**ATTORNEYS FOR PLAINTIFF**
**MOBILE TELECOMMUNICATIONS**
**TECHNOLOGIES, LLC**

---

[2]    This Court has held similar allegations of knowledge are sufficient to maintain a claim for indirect infringement.  *See Achates Reference Pub., Inc. v. Symantec Corp.,* 2:11-CV-294-JRG-RSP, 2013 WL 693955, *3 (E.D. Tex. Jan. 10, 2013) *report and recommendation adopted*, 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26. 2013).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 10th day of February, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Craig S. Jepson*
Craig S. Jepson