# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, § § § § § § § § § § Plaintiff, v. ZTE (USA) INC., Defendant. | § § § § § § § § § § | Case No. 2:13-cv-00946-RSP LEAD CASE |
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, Plaintiff, v. HTC AMERICA, INC., Defendant. | § § § § § § § § § § § | Case No. 2:13-cv-00948-RSP |

## SUPPLEMENTAL PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION BY GOOGLE INC.

Plaintiff, Mobile Telecommunications Technologies, LLC ("MTel") believes that the subpoena MTel served on Google Inc. in connection with this case will require the production or disclosure of trade secrets, confidential business information, or other proprietary information. MTel and HTC America, Inc. (the "Parties") have therefore agreed to the following Supplemental Protective Order provisions to govern production of Google's confidential information.

Pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED that the following provisions will apply to all discovery materials produced by non-party Google Inc. ("Google"), supplementing and superseding where applicable the provisions of the Protective Order moved for by the Parties in this matter (Dkt. No. 59-1.)

**I.      DISCLOSURE OF DISCOVERY MATERIALS DESIGNATED CONFIDENTIAL**

Documents designated "CONFIDENTIAL" by Google and information contained therein shall be disclosed only to the following persons, except upon receipt of the prior consent of Google:

a.      the receiving party's outside counsel of record in this action, members of their firm(s), paralegal, clerical, and other regular or temporary employees of such counsel reasonably necessary to assist in the conduct of this case, for use in accordance with this Protective Order;

b.      One designated in-house counsel who has signed the form included as Attachment A to the Protective Order (Dkt. No. 59-1). In-house counsel shall mean employees of a named party to this Action or a related entity of a named Party who (a) is a member of a bar, (b) have responsibility for making decisions dealing directly with this Action, and (c) are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a named party to this Action or a competitor of a named party to this action. If such an in-house counsel is no longer employed by a named party to this action or a related entity of a named party to this action, a named party to this action may designate a replacement in-house counsel and who has signed Attachment A to the Protective Order (Dkt. No. 59-1).

c.      Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed Attachment A to the Protective Order (Dkt. No. 59-1), and (3) to whom the procedures set forth in Paragraphs 2A.-3F of the Protective Order (Dkt. No. 59-1) have been followed, as well as employees of said Experts to whom disclosure is reasonably necessary for this litigation;

d.      the Court and its personnel;

   e.  court reporters, their staffs, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation with suitable precautions calculated to maintain confidentiality;

   f.  during their depositions, witnesses who lawfully received Protected Information prior to and apart from this lawsuit but only after a proper foundation for such previous knowledge is made; and

   g.  the author of the document or the original source of the information and any copied recipients thereof.

**II.**  **DISCLOSURE OF DISCOVERY MATERIALS DESIGNATED CONFIDENTIAL-OUTSIDE COUNSEL ONLY**

  Unless otherwise ordered by the court or permitted in writing by Google, a Receiving Party may disclose Protected Information designated CONFIDENTIAL OUTSIDE COUNSEL ONLY to all persons designated in Sections I(a) and I(c)-(g) above. Information so designated may not be disclosed to persons identified in Section I(b). No information designated CONFIDENTIAL OUTSIDE COUNSEL ONLY may be disclosed to persons identified in section I(c) until such Expert has complied with the procedures set forth in Paragraphs 2A.-3F of the Protective Order (Dkt. No. 59-1).

**III.**  **PROSECUTION AND ACQUISITION BAR**

   a.  Absent the written consent of the Google, no person, including without limitation any Expert identified in section I(c), who reviews Protected Information designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY shall, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of any Party other than

Google or engage in any Prosecution Activity involving claims on a method, apparatus, or system relating to the subject matter of the Protected Information.

   b.  Prosecution Activity shall mean any activity related to: (1) the preparation or prosecution (for any person or entity) of patent applications relating to the subject matter of the Protected Information or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, before any domestic or foreign patent office, with the exception that counsel may participate in any reexamination, reissue, or other postissuance proceeding that involves any of the patents-in-suit that cannot result in issuance of claims of greater scope or coverage than extent in the patents-in-suit at the time of this Agreement; and/or (2) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of methods, apparatuses, or systems relating to the subject matter of the Protected Information, or advising or counseling clients regarding the same.

   c.  Nothing in this paragraph shall prevent any attorney from sending nonconfidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor. Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.

**IV.     USE OF GOOGLE'S PROTECTED INFORMATION AT TRIAL**

A party shall provide a minimum of two business day's notice to Google in the event that a party intends to use any Google Protected Information during trial. In addition, the parties will not oppose any request by Google that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Google Protected Information.

**SIGNED this 11th day of November, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE