IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC., § § § § | | |
| *Plaintiff*, § § | CASE NO. 2:13-CV-946-JRG (LEAD CASE) | |
| v. § § | | |
| ZTE (USA) INC., § § § § § § | | |
| HTC AMERICA, INC. § § | CASE NO. 2:13-CV-946-JRG (CONSOLIDATE CASE) | |
| *Defendants*. § | | |

### ORDER ON MOTIONS TO STRIKE

Before the Court are Motions to Strike filed by Plaintiff Mobile Telecommunications Technologies, LLC ("MTel") and Defendant HTC America, Inc. ("HTC"). (Dkt. Nos. 172, 173, 174, 175, 178.) The Court addressed the motions at a hearing on July 15, 2016, and the Court ruled as follows:

- MTel's Motion to Strike David O. Taylor's Expert Report (Dkt. No. 172) was **DENIED** and HTC's Motion to Strike Second "Corrected" Rebuttal Expert Report and Portions of Corrected Rebuttal Expert Report and/or Second Corrected Rebuttal Expert Report of Jay P. Kesan, Ph.D., J.D. Responding to Expert Report of David Taylor (Dkt. No. 173) was **DENIED**. As to both Motions, the Court held: *first*, that Professor Taylor and Dr. Kesan were permitted to "address the factual underpinnings of what might result in a determination of affiliate or control" (Dkt. No. 237 at 78:9–10); *second*, that Professor Taylor and Dr.

Kesan were not permitted to offer testimony stating that if the Jury were to accept one expert's statement of the facts, the Jury would be required to agree with that expert's ultimate conclusion "as a matter of law" (Dkt. No. 237 at 78:11–13); and *third*, that Professor Taylor and Dr. Kesan were not permitted to instruct the Jury on contract law (*see* Dkt. No. 237 at 78:13–15).

- HTC's Motion to Strike Portions of Expert Report of Jay P. Kesan, Ph.D., J.D. "Regarding Validity Of" the '946 And '428 Patents (Dkt. No. 174) was **DENIED**.

- HTC's Motion to Strike Portions of the Expert Report and Preclude Corresponding Testimony of MTel's Expert Paul D. Prucnal Ph.D. (Dkt. No. 175) was **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court held: *first*, that the Motion as it relates to Dr. Prucnal's testimony on indirect infringement was overruled; *second*, that the Motion as it relates to Dr. Prucnal's testimony on the doctrine of equivalents was overruled; *third*, that the Motion as it relates to Dr. Prucnal's testimony on infringement of a means-plus-function limitation was overruled; *fourth*, that the Motion as it relates to Dr. Prucnal's testimony on offer-to-sell infringement was overruled; *fifth*, that the Motion as it relates to Dr. Prucnal's testimony on willful infringement was sustained and that Dr. Prucnal may not offer testimony on willful infringement based on HTC's knowledge of a related patent; and *sixth*, that the Motion as it relates to Dr. Prucnal's testimony attributing parts of his testimony to the Court's statements in prior orders was sustained and that Dr. Prucnal may offer testimony which "comports or overlaps with the analysis or conclusions" of the Court but that Dr. Prucnal may not "bolster his testimony" by stating that the Court has previously agreed with his testimony. (Dkt. No. 237 at 45:5–13.)

- MTel's Motion to Strike Expert Opinions of Drs. Beckmann and Thomas (Dkt. No. 178) was **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court held: *first*, that the Motion as it relates to Dr. Beckmann's testimony on undisclosed invalidity combinations and undisclosed invalidity theories was overruled; *second*, that the Motion as it relates to Dr. Beckmann's skill in the art was overruled; *third*, that the Motion as it relates to Dr. Beckmann's alleged misstatements on the law of enablement and after-arising technology was overruled; *fourth*, that the Motion as it relates to Dr. Beckmann's alleged misstatements on the means-plus-function limitations was overruled; *fifth*, that the Motion as it relates to Dr. Beckmann's testimony on non-infringing alternatives was overruled as it relates to software design-arounds and sustained as it relates to prior verdicts; *sixth*, that the Motion as it relates to Mr. Tomas's testimony was overruled to the extent it relates to Dr. Ying's testimony and software design-arounds but was sustained as it relates to prior verdicts; *seventh*, that the Motion as it relates to Dr. Beckmann's testimony on anticipation by Kane was overruled; *eighth*, that the Motion as it relates to Dr. Beckmann's alleged contradiction of the Court's construction of the term "retransmission" alone was overruled; and *ninth*, that the Motion as it relates to Dr. Beckmann's testimony on the "specifying" term was overruled.

So ORDERED and SIGNED this 23rd day of August, 2016.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE